IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENNIS PATE,

      Petitioner,

v.                                     No. 20-cv-0402 WJ/SMV

FNU GALLEGOS,

      Respondent.

## OPINION AND ORDER TO SHOW CAUSE

THIS MATTER is before the Court follow review of Petitioner's Amended Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus [Doc. 4], filed on May 11, 2020. Also before the Court is Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 5], filed on May 11, 2020. Pate challenges his pretrial detention, and in particular, the state court's refusal to release him on bond. *See* [Doc. 4] at 4–6. Having reviewed the matter under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court will require Petitioner to show cause why the Amended Petition should not be dismissed for failure to exhaust state remedies.

## Background

The following procedural history is taken from the Amended Petition [Doc. 4] and the state criminal docket (Case No. D-905-CR-2019-00149), which is subject to judicial notice. *See Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (stating that habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was

filed"); *United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

In April 2019, Pate was charged with possessing a firearm as a felon, possessing a controlled substance, and possessing drug paraphernalia. *See State v. Pate*, D-905-CR-2019-00149, Indictment. The state court held a pretrial-detention hearing and found no release conditions could reasonably protect the community. *See* [Doc. 4] at 4, 14; *State v. Pate*, D-905-CR-2019-00149. The state court therefore ordered Petitioner to remain in custody pending trial. [Doc. 4] at 4, 14. On March 22, 2020, Petitioner filed a handwritten letter titled Appeal Pretrial Detention with the Supreme Court of New Mexico. *See id.* at 4, 12–15. The Supreme Court of New Mexico returned the document to Petitioner with a note that case inquiries should be directed to his counsel of record, Roderick Juarez. *Id.* at 11.

Petitioner filed his first § 2241 Petition in federal court on April 27, 2020. [Doc. 1]. He amended the Petition on May 11, 2020, which clarifies his grounds for relief. [Doc. 4]. Petitioner argues he should have been released on bond pending trial; his pretrial detention violates speedy trial requirements; and the State supports continued pretrial detention to force him to sign a plea agreement. *Id.* at 4–6.

Petitioner filed his Application to Proceed *in Forma Pauperis* on May 11, 2020, which reflects that he has no assets and, therefore, is unable to prepay the $5 filing fee. *See* [Doc. 5] at 1–5. The Court will therefore grant the Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 5] and screen the Amended Petition.

### Initial Review of Petition

The Petition is governed by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[1] and 28 U.S.C. § 2241.  Rule 4 requires a sua sponte review of habeas petitions.  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition . . . ."  Rules Governing Section 2254 Cases in the United States District Courts, Rule 4.  "If the petition is not dismissed, the judge must order the respondent to file an answer . . . ."  *Id.*

Relief is only available under § 2241 where the petitioner's pretrial detention violates federal law.  *See* 28 U.S.C. § 2241(c)(3) (2018) (stating that courts must determine whether the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States"); *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("[Section] 2241 is a vehicle for challenging pretrial detention . . . .").  "A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2241."  *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000); *see Robinson v. Rice*, 772 F. App'x 690, 691 (10th Cir. 2019).  "Sua sponte consideration of exhaustion of state remedies . . . is explicitly permitted" where, as here, the failure to exhaust appears on the face of the petition.  *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008); *see id.* at 746 ("[A]ffirmative defenses unique to the habeas context such as

---

[1] The Court, in its discretion, may apply the Rules Governing Section 2254 Cases in the United States District Courts to a § 2241 petition.  *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (noting that courts are authorized to summarily dismiss any habeas petition that appears legally insufficient on its face); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (holding the district court acted within its discretion by applying the Section 2254 Rules to a § 2241 petition); Rules Governing Section 2254 Cases in the United States, Rule 1(b) ("The district court may apply any or all of these rules to [other types of] habeas corpus petition[s] . . . .").

exhaustion of state remedies . . . may be raised by a court *sua sponte* . . . . [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.").

"The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "'Fair presentation,' in turn, requires that the petitioner raise in state court the 'substance' of his federal claims." *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015) (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971)). "This includes not only the [federal] constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief." *Id.* The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

The Amended Petition clearly reflects that Petitioner did not fairly present his federal issues to the appellate courts in New Mexico. The Amended Petition attaches the handwritten "Appeal Pretrial Detention" letter, which the Supreme Court of New Mexico rejected as an improper filing on April 20, 2020. [Doc. 4] at 11–12. Rather than curing the deficiencies and attempting to complete the exhaustion process, Petitioner filed the federal § 2241 proceeding seven days later. Accordingly, the Court will require Petitioner to show cause why his § 2241 action should not be summarily dismissed for failing to exhaust state remedies. Petitioner must file his show-cause response within 30 days of entry of this order. If he concedes the point or otherwise fails to timely

4

respond, the Court will dismiss this action without prejudice to refiling after he has exhausted his state-court remedies.

Petitioner is further warned that even if he overcomes the exhaustion requirement, habeas review will be limited to whether his pretrial confinement violates federal law.  *See* 28 U.S.C. § 2241; *Yellowbear*, 525 F.3d at 924.  The Court will not dismiss state criminal charges, as Petitioner requests, notwithstanding any alleged speedy trial violations.  *See Younger v. Harris*, 401 U.S. 37 (1971) (stating that federal courts are barred from interfering with ongoing state criminal proceedings).

### Conclusion

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that no later than **June 15, 2020,** Petitioner must show cause in writing why his § 2241 habeas action should not be summarily dismissed for failure to exhaust state remedies.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**