IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

―――――――――――

DENNIS PATE,

    Petitioner,

v.                                            No. 20-cv-402 WJ-SMV

FNU LNU, *Warden*

    Respondent.

### **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Dennis Pate's Amended 28 U.S.C. § 2241 Habeas Corpus Petition (Doc. 4) (Petition). Pate challenges his pretrial detention, and in particular, the state court's refusal to release him on bond. The Court previously directed him to show cause why the § 2241 proceeding should not be dismissed for failure to exhaust state remedies. Because he failed to respond, and having reviewed applicable law, the Court will dismiss the Petition without prejudice.

### **BACKGROUND**[1]

In April 2019, Pate was charged with possessing a firearm as a felon, possessing a controlled substance, and possessing drug paraphernalia. *See* Indictment in D-905-CR-2019-00149. The state court held a pretrial detention hearing and found no release conditions could reasonably protect the community. (Doc. 4 at 4, 14). The state court therefore ordered Pate to remain in custody pending trial. *Id.* On March 22, 2020, Pate filed a handwritten letter titled

---

[1] The background facts are taken from the Petition (Doc. 4) and the state criminal docket (Case No. D-905-CR-2019-00149), which is subject to judicial notice. *See Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

Appeal Pretrial Detention with the New Mexico Supreme Court (NMSC). *Id.* at 11. The NMSC returned the document to Pate with a note that case inquiries should be directed to his counsel of record. *Id.*

Pate filed the federal § 2241 proceeding on April 27, 2020. He amended the Petition on May 11, 2020, which clarifies his grounds for relief. Pate argues he should have been released on bond pending trial; his pretrial detention violates speedy trial requirements; and the State supports continued pretrial detention to force him to sign a plea agreement. (Doc. 4 at 4-6). By an Order entered May 14, 2020, the Court screened the Petition and directed Pate to show cause why this proceeding should not be dismissed for failure to exhaust state remedies. *See Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (district courts may apply § 2254 habeas screening rules to a § 2241 petition); *United States v. Mitchell,* 518 F.3d 740, 746 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies…may be may be raised by a court *sua sponte*"). The show-cause deadline was June 15, 2020, and Pate failed to respond.

## DISCUSSION

"A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "Fair presentation, in turn, requires that the petitioner raise in state court the 'substance' of his federal claims." *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015). The exhaustion requirement can only be excused in the "absence of available State corrective process or because [the] process [is] ineffective to protect the rights of

the applicant." *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007).  In other words, there must be "no opportunity to obtain redress in state court" or the corrective process must be "so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

As previously noted, the Petition clearly reflects that Pate did not fairly present his federal issues to the NMSC.  The Petition attaches Pate's handwritten "Appeal Pretrial Detention" letter, which the NMSC rejected as an improper filing.  (Doc. 4 at 11-12).  Rather than curing the deficiencies and attempting to complete the state exhaustion process, Pate filed the federal § 2241 proceeding seven days later.  The Court explained these issues in its Order to Show Cause and allowed Pate to show that exhaustion would be futile.  Because he failed to respond, there is no basis to excuse the exhaustion requirement in this case.  The Court will dismiss this proceeding without prejudice to refiling after Pate presents his habeas claims to the NMSC.  To the extent necessary, the Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as this ruling is not reasonably debatable.  *See* 28 U.S.C. § 2253(c)(2) (COA may only issue where reasonable jurists would debate the outcome of the habeas case); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (same).

**IT IS ORDERED** that Dennis Pate's Amended 28 U.S.C. § 2241 Habeas Corpus Petition (Doc. 4) is **DISMISSED without prejudice**; a certificate of appealability is **DENIED**; and a separate judgment will be entered.

_____
CHIEF UNITED STATES DISTRICT JUDGE